The Wm. Doerflinger Company, Defendant in Error, v. E. M. Seymour, Plaintiff in Error.

Gen. No. 18,761.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914. Rehearing denied March 23, 1914.

## Statement of the Case.

Action in the Municipal Court of Chicago by the Wm. Doerflinger Company against E. M. Seymour to recover the amount of a check alleged to have been collected and indorsed by defendant under a forged indorsement by a prior holder. It was claimed that the check made payable to a certain person by mistake, and that such person, knowing of the mistake, indorsed the check and that defendant subsequently collected it and negotiated it to others. From a judgment for plaintiff for $81.40, defendant brings error.

E. M. SEYMOUR, for plaintiff in error; IRVING J. RESNICK, of counsel.

BRUNDAGE, WILKERSON & CASSELS, for defendant in error; FRANCIS ADAMS, JR. and KENNETH B. HAWKINS, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 990*—*when error in ruling on motion for bond for costs not reviewable.* Error in the action of the trial court on a motion to require plaintiff to file a bond for costs cannot be reviewed where no such motion appears in the record, nor the action of the court thereon.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

2. APPEAL AND ERROR, § 989*—*when error in refusing to dismiss not reviewable.* Error in refusing to dismiss a cause for failure to prove that plaintiff was a corporation is not reviewable where no motion therefor appears in the record.

3. APPEAL AND ERROR, § 956*—*what not reviewable on striking of statement of facts.* Where the statement of facts was stricken from the record, the denial of a motion to dismiss for want of proof that plaintiff was a corporation cannot be reviewed, since it would be impossible to conclude that the court ruled incorrectly.